IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE C. MICHAEL, JR.,

        Plaintiff,

v.                                          Civil Action No. 5:05CV103
                                                              (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

        Defendant.


## MEMORANDUM OPINION AND ORDER
## AFFIRMING IN PART AND OVERRULING IN PART
## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I.  Procedural History

     The plaintiff, Lawrence C. Michael, Jr., filed an action in
this Court on July 27, 2005, seeking judicial review of an adverse
decision by the defendant, Commissioner of Social Security
Administration, pursuant to 42 U.S.C. § 405(g).  The case was
referred to United States Magistrate Judge James E. Seibert for
submission of proposed findings of fact and recommendation for
disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B).
The plaintiff filed a motion for summary judgment on December 7,
2005.  The Commissioner filed a motion for summary judgment on
January 4, 2006.  Magistrate Judge Seibert considered the
plaintiff's motion for summary judgment and the Commissioner's
motion for summary judgment and submitted a report and
recommendation.  In his report, the magistrate judge recommended
that the plaintiff's motion for summary judgment be denied and the

matter be remanded to the Commissioner of Social Security for consideration of the opinions of Dr. Edwin Morris ("Morris") and Dr. Phillip Chua ("Chua") as to the plaintiff's disability. The magistrate judge further recommended that the Commissioner's motion for summary judgment be denied. Upon submitting this report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The Commissioner submitted timely objections to the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the district court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is made. As to those portions of the report to which no objection is made, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous."

## II.  Facts

On May 20, 2003, the plaintiff filed an application for Disability Insurance Benefits ("DIB") alleging disability since April 26, 2003. The plaintiff's application was denied initially and on reconsideration. The Administrative Law Judge ("ALJ") held a hearing on the denial of plaintiff's application on May 17, 2004. On August 2, 2004, the ALJ entered his decision finding that the

plaintiff was not disabled.  On May 27, 2005, the Appeals Council
denied plaintiff's request for review of the ALJ's decision.  The
plaintiff then filed the present action with this Court.

III.  Applicable Law

A.  Standard of Review

An ALJ's findings will be upheld if supported by substantial
evidence.  See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528
(4th Cir. 1998).  Substantial evidence is that which a "'reasonable
mind might accept as adequate to support a conclusion.'"  Hays v.
Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v.
Perales, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of
drawing two inconsistent conclusions from the evidence does not
prevent an administrative agency's findings from being supported by
substantial evidence.'"  See Sec'y of Labor v. Mutual Mining, Inc.,
80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar.
Comm'n, 383 U.S. 607, 620 (1966)).

B.  Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment
is appropriate if "the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits, if any, show that there is no genuine issue as to any
material fact and that the moving party is entitled to a judgment
as a matter of law."  The party seeking summary judgment bears the
initial burden of showing the absence of any genuine issues of

3

material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time

4

for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV.  Discussion

In the plaintiff's motion for summary judgment, he argues that the ALJ was required to grant his claim because: (1) the ALJ properly found that the plaintiff was "generally credible regarding his . . . activities of daily life" (Tr. 18.); (2) the plaintiff testified that he needed to lie down throughout the day; and (3) the ALJ's hypothetical question to the vocational expert ("VE") incorporating the need to lie down elicited an answer that there would be no jobs that could accommodate this limitation. In addition, the plaintiff asserts that the ALJ's finding that the plaintiff was credible "regarding his medical condition, related treatment and activities of daily life" were contradictory to the ALJ's finding that the plaintiff's testimony was "less than credible." (Pl.'s Mot. for Summ. J. at 6.) Further, the plaintiff alleges that the ALJ made an improper finding that the plaintiff's medical evidence does not substantiate the severity of the

plaintiff's impairments and the ALJ erred by failing to mention and evaluate the opinions of Dr. Morris and Dr. Chua. The magistrate judge recommended that the plaintiff's motion for summary judgment should be denied and the case remanded to the Commissioner for further consideration of the opinions of Dr. Morris and Dr. Chua with respect to plaintiff's disability.

In the Commissioner's objections to the magistrate judge's findings, the Commissioner maintains that the ALJ's decision was supported by substantial evidence because the ALJ properly considered the opinions of Dr. Morris and Dr. Chua.

A.   Subjective Complaints of Pain

"Because he [ALJ] had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 889 (4th Cir. 1984)(citing Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976)). Thus, the ALJ is in the best position to evaluate the plaintiff's credibility.

The plaintiff asserts that the ALJ was required to grant his claim based upon his limitations. The magistrate judge considered the plaintiff's argument in light of the two-prong test for assessing the credibility of a plaintiff's subjective complaints of pain, which was set forth in Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). First, the ALJ must expressly consider whether the

6

plaintiff has demonstrated an impairment, by objective medical evidence, that caused the degree and type of pain alleged. Once this determination has been made, the ALJ then must consider the credibility of his subjective allegations of pain in light of the entire record. Id.

Applying the test set forth in Craig, 76 F.3d 585, the ALJ found that the first prong is met. Specifically, the ALJ found that the plaintiff has degenerative disc disease of the lumbar spine, disc bulges in the cervical spine, headaches and degenerative joint disease impairments that "can reasonably be expected to cause limitations on functioning." (Report and Recommendation at 17 (citing Tr. 19).) The ALJ further found that the objective evidence did not support the plaintiff's alleged severity of his impairments.

As for the second prong, the ALJ considered the plaintiff's subjective complaints of debilitating symptoms in light of the entire record. The ALJ conducted a review of the plaintiff's medical records and found that the plaintiff's testimony is "generally credible regarding his general medical condition, related treatment and activities of daily living." The ALJ did note that the plaintiff's testimony "regarding the severity of his symptoms and their limiting effect on his ability to perform even a limited range of sedentary work less than credible." (Tr. 19.) The ALJ reviewed the plaintiff's daily activities and found that

the activities undermined the plaintiff's complaints of debilitating limitations. The plaintiff indicated that he takes care of the household finances, shops, drives and goes out to eat. (Tr. 18.) In addition, the plaintiff testified that he is able to attend church and teach at church for up to three hours at a time, three times a week. (Tr. 19.) With respect to his schedule, the plaintiff testified that he "naps three or four times a day." (Tr. 18.) In this regard, the ALJ found that the plaintiff's subjective complaints "are out of proportion to the clinical findings" and concluded that the plaintiff's testimony regarding "the severity of his symptoms and their limiting effect on his ability to perform even a limited range of sedentary work less than credible." (Tr. 19.)

In reviewing the record as a whole, the ALJ also examined the plaintiff's medical records. After examination, the ALJ stated that the medical evidence did not "substantiate the severity of residual effects alleged by the claimant." (Tr. 18.) The ALJ noted that in April 2003, the plaintiff was complaining of neck pain. It was noted that the plaintiff had disc disease of the cervical spine, but no symptoms of radiculopathy. (Id.) The plaintiff was prescribed physical therapy and advised that he would benefit from a more aggressive program and endurance activities; however, he was discharged from therapy on April 3, 2003 for failing to keep his therapy appointments. In October 2003, the

plaintiff was admitted to the hospital with complaints of chest pain. The plaintiff's x-ray was normal; a stress test was uneventful; and the Cardiolite Myocardial Perfusion Scan was normal. Finally, the ALJ stated that after the date of alleged onset of disability, the plaintiff worked from March 2003 until April 2003. The plaintiff quit because of his limitations. The ALJ found that this period of employment was an "unsuccessful work attempt" and did not constitute "substantial gainful activity." (Tr. 16.) Based upon the ALJ's report, the magistrate judge concluded that the ALJ properly considered all the evidence in accordance with <u>Craig</u>, 76 F.3d 585, and was in the best position to determine the plaintiff's credibility.

Accordingly, the magistrate judge found, and this Court agrees, that the ALJ properly assessed the plaintiff's credibility with respect to his complaints of pain.

B. <u>Treating Physicians</u>

All medical opinions are to be considered in determining the disability status of a claimant. 20 C.F.R. § 404.1527(b), 416.927(b). Opinions on ultimate issues, such as residual functioning capacity ("RFC") and disability status under the social security regulations are reserved exclusively to the ALJ. 20 C.F.R. §§ 404.1527(e)(1)-(3), 416.927(e)(1). Statements by medical sources to the effect that a claimant is "disabled" are not dispositive, but an ALJ must consider all the medical findings and

evidence that support the medical sources. Id. The opinion of the claimant's treating physician is entitled to great weight and may only be disregarded if there is persuasive contradictory evidence. Evans v. Heckler, 734 F.2d 1012, 1015 (4th Cir. 1984). To determine if the impairment is adequately supported by medical evidence, the Social Security Act requires that impairment, physical or mental, be demonstrated by medically acceptable clinical or laboratory diagnostic techniques. 42 U.S.C. § 423(d)(1). See also Heckler v. Campbell, 461 U.S. 458, 461 (1983).

Courts evaluate and weigh medical opinions by considering: (1) whether the physician has examined the applicant; (2) the treatment relationship between the physician and the applicant; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record; and (5) whether the physician is a specialist. 20 C.F.R. § 404.1527 (2005). In fact, courts often accord "greater weight to the testimony of a treating physician" because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

The plaintiff asserts that the ALJ failed to mention and evaluate the opinions of the plaintiff's treating physicians, Dr. Morris and Dr. Chua. The magistrate judge found that the ALJ failed to mention the opinions of Dr. Morris and Dr. Chua, which

necessitates remand to the Commissioner of Social Security for consideration by the ALJ of the opinions of Dr. Morris and Dr. Chua as to the plaintiff's disability.

In her objections to the report and recommendation, the Commissioner argues that the ALJ cited specific exhibits, diagnostic test results, and diagnoses ordered and given by Dr. Morris and Dr. Chua.

### 1. Dr. Edwin Morris

The magistrate judge found that the ALJ failed to mention the opinion of the plaintiff's treating physician, Dr. Morris. The Commissioner objected to this finding by citing to the ALJ's opinion at page 18. This Court finds that in the ALJ's opinion, he cites to exhibits ordered and used by Dr. Morris. Specifically, the ALJ cites to an MRI of the lumbar spine completed in September 2003, which shows degenerative disc disease with mild diffuse bulging of the L5-S1 disc. The MRI was performed by Dr. Morris and was relied upon in the ALJ's opinion. (Tr. 18.)

The ALJ is not required to discuss every piece of evidence, however, the ALJ must provide his reasons for giving a treating physician's opinion certain weight or to explain why he discounted a certain physician's opinion. 20 C.F.R. § 404.1527(d)(2), 416.927(d)(2). The ALJ clearly supported his opinion on evidence from a diagnostic test, specifically, an MRI of the lumbar spine performed by Dr. Morris. The ALJ took into consideration the MRI

11

which showed that the plaintiff had degenerative disc disease with mild diffuse bulging of the L5-S1 disc. (Tr. 18.)

Accordingly, this Court finds that the plaintiff's argument that the ALJ failed to mention and evaluate the opinions of the plaintiff's treating physician, Dr. Morris, is without merit.

2. Dr. Phillip Chua

The magistrate judge found that the ALJ's opinion cites to several exhibits, but none of them included the opinion of the plaintiff's attending physician, Dr. Chua. In his objections, the Commissioner argues that the ALJ cited to specific exhibits, diagnostic test results and diagnoses ordered and given by Dr. Chua on page 18 of the ALJ's opinion. Upon review of the entire record, this Court finds that Dr. Chua's medical opinions are provided in Exhibit 9F. The ALJ's opinion does not cite to Exhibit 9F. Further, this Court finds that the exhibits cited by the ALJ do not include any exhibits or diagnostic test results performed or ordered by Dr. Chua. Finally, the ALJ makes no reference at all to what weight, if any, he gave to Dr. Chua's opinions.

This Court is unable to determine whether the ALJ's decision is supported by substantial evidence when he does not indicate what weight was given to all of the relevant evidence. Accordingly, the ALJ's failure to include the opinion of Dr. Chua in his order necessitates a remand of this issue for consideration by the

Commissioner of Dr. Chua's opinion as to the plaintiff's disability.

## V. Conclusion

After a _de novo_ review as to the matters objected to by the Commissioner, this Court concludes that the magistrate judge's report and recommendation is AFFIRMED IN PART and OVERRULED IN PART. Accordingly, the Commissioner's objections to the magistrate judge's report and recommendation are hereby SUSTAINED IN PART and OVERRULED IN PART. Specifically, the Commissioner's objection is SUSTAINED with respect to the ALJ's inclusion of Dr. Edwin Morris's opinion in his decision and OVERRULED with respect to the ALJ's inclusion of Dr. Phillip Chua's opinion in his decision. It is ORDERED that this matter be REMANDED to the Commissioner of Social Security for consideration of Dr. Chua's opinion as to the disability of the plaintiff, Lawrence C. Michael, Jr. As to the portions of the report to which no objection is made, this Court concludes that the magistrate judge's recommendation is without clear error and hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation with respect to the plaintiff's subjective complaints of pain. For the reasons stated above, the plaintiff's motion for summary judgment is DENIED and the Commissioner's motion for summary judgment is DENIED. It is further ORDERED that, pursuant to 42 U.S.C. § 405, this civil

action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   August 10, 2006


                                 /s/ Frederick P. Stamp, Jr.
                                 FREDERICK P. STAMP, JR.
                                 UNITED STATES DISTRICT JUDGE