IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE C. MICHAEL, JR.,

    Plaintiff,

v.                  Civil Action No. 5:05-cv-103

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## REPORT AND RECOMMENDATION THAT AN AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT BE DENIED

### I. Introduction

A. Background

Plaintiff, Lawrence C. Michael, Jr., (Claimant), filed his application for an Award of Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on November 3, 2006.[1] Commissioner filed her Objections on November 13, 2006.[2] A hearing was held before this Court on December 11, 2006.

B. The Motion

Plaintiff's Application for Attorneys' Fees under EAJA.[3]

C. Recommendation

I recommend that Claimant's Application for Attorney Fees be DENIED because the Government's position was substantially justified in law and fact, where the Government relied

---

[1] Docket No. 12

[2] Docket No. 13

[3] Docket No. 12

on an arguably defensible record.

## II. Facts

Claimant filed his Complaint on July 27, 2005,, seeking Judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[4] Commissioner filed her Answer on November 7, 2005.[5] Claimant filed his Motion for Summary Judgment on December 7, 2005.[6] Commissioner filed her Motion for Summary Judgment on January 4, 2006.[7] This Court entered a Report and Recommendation on June 2, 2006, recommending that the action be remanded to the Commissioner to consider the opinions of Dr. Morris and Dr. Chua.[8] On August 10, 2006, the Honorable Frederick P. Stamp, U.S. District Judge, entered a Memorandum, Opinion, and Order affirming in part and overruling in part the Report and Recommendation.[9] The district judge agreed the case should be remanded for further consideration of Dr. Chua's opinion, but found the ALJ had considered Dr. Morris' opinion and therefore remand was unnecessary on this point.

## III. The Motion

A. <u>Contentions of the Parties</u>

Claimant contends that the Court should award attorney fees because the legal and

---

[4] Docket No. 1

[5] Docket No. 5

[6] Docket No. 7

[7] Docket No. 8

[8] Docket No. 9

[9] Docket No. 11

factual arguments of Commissioner in support of the ALJ's opinion were not substantially justified. Claimant notes the Undersigned and the district judge found the ALJ's opinion lacking substantial evidence because the ALJ failed to evaluate the opinion of Dr. Chua, who was Claimant's treating physician.

Commissioner contends that her position in opposing an award of benefits was substantially justified. Commissioner argues the ALJ's opinion was actually more friendly to Claimant than the limitations assessed by Dr. Chua and points out that the ALJ is not required to discuss every piece of evidence.

B.   The Standards

   1.   <u>EAJA Fees to Prevailing Party</u>.  Upon a timely petition, a party who prevails in litigation against the United States is entitled to EAJA attorneys' fees if the government's position was not substantially justified and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); <u>Crawford v. Sullivan</u>, 935 F.2d 655, 656 (4th Cir. 1991).

   2.   <u>General Eligibility Requirements</u>.  In order to be eligible for an award of fees, the following requirements must be met: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. 28 U.S.C. § 2412; <u>Crawford</u>, 935 F.2d at 656.

   3.   <u>Substantially Justified - Definition</u>.  Substantially justified means justified in substance or in the mains, rather than justified to a high degree, and even losing arguments could commonly be found to be substantially justified. <u>Pierce v. Underwood</u>, 487 U.S. 552, 565-69 (1988). The test is whether arguably there was substantial evidence to support the Government's

position that Claimant was not entitled to benefits.  Crawford v. Sullivan, 935 F.2d at 657. Substantially justified requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce, 487 U.S. at 565.

4. <u>Substantially Justified - Burden of Proof</u>.  In the district court, the government has the burden of showing substantial justification.  Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988).

5. <u>Substantially Justified - Independent Determination by the Court</u>.  While the burden of showing substantial justification is on the government, a district court may find that the record before it demonstrates that substantial justification exists for a litigation position. Campbell v. Bowen, 800 F.2d 1247, 1249 (4th Cir. 1986).

6. <u>Substantially Justified - Law and Fact</u>.  The government's position must be substantially justified in both fact and law.  Pierce, 487 U.S. at 565; Crawford, 935 F.2d at 656. An accurate recital of law by the Government cannot excuse a substantially unjustified position on the facts.  Thompson v. Sullivan, 980 F.2d 280, 282 (4th Cir. 1992) (finding that the Government faced a difficult task to convince the Court that its position was substantially justified in fact when the record was replete with objective medical evidence of a condition that could cause pain).

7. <u>Substantially Justified - Disputed Facts</u>.  Where eligibility for benefits turns on disputed facts, the ultimate award of benefits does not necessarily mean that the Secretary was unjustified in contesting the claim.  Thompson, 980 F.2d at 282.

8. <u>Substantially Justified- Arguably Defensible Administrative Record</u>.  A position based on an arguably defensible administrative record is substantially justified.  Crawford, 935

F.2d at 658. Although the Secretary's original decision may be found to be based on an inadequately developed record, it does not necessarily mean that the position is not substantially justified. Sigman v. U.S. Dep't. of Health and Human Services, 961 F.2d 211 (4th Cir. 1992) (unpublished)[10].

9. <u>Substantially Justified - Government Ignores the Law</u>. Administrative agencies must follow the law of the circuit whose courts have jurisdiction over the cause of action. Hyatt v. Heckler, 807 F.2d 376, 379 (4th Cir. 1986). The government's policy of non-acquiescence to the law of the circuit entitles the claimant to recover attorney fees. Id. at 382. A policy of non-acquiescence cannot be substantially justified. Thompson, 980 F.2d at 283.

10. <u>No Automatic Rights to Attorneys' Fees When ALJ's Decision is Remanded</u>. The Secretary is not automatically liable for attorney's fees every time she loses a case. Crawford, 935 F.2d at 657. There is no "presumption that the government position was not substantially justified, simply because it lost the case." Id. (citing Tyler Business Services, Inc. v. NLRB, 695 F.2d 73, 75 (4th Cir. 1982)). Even when the case is remanded for reconsideration of the original denial of benefits and the Secretary ultimately reverses its original position, the government can still demonstrate that its original position was substantially justified. Cook v. Sullivan, 935 F.2d 1285 (4th Cir. 1991) (unpublished).

11. <u>Substantial Justification versus Substantial Evidence</u>. The substantial justification inquiry requires a new, independent exercise of judicial judgment not pre-ordained by any prior assessment of the merits. Evans v. Sullivan, 928 F.2d 109, 110 (4th Cir. 1991). Whether an

---

[10] This Court recognizes that the Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. I recognize the reasons for that position and acknowledge it. Unfortunately, there is not a better indicator of what its decision might be in this regard.

ALJ's denial of benefits is supported by substantial evidence on the record as a whole (the merits question) is not congruent with whether that denial, or its defense in court, was substantially justified (the fee award question). Cook, 935 F.2d at 1285. While obviously related, the two standards "do not logically compel the same answers or even raise legal presumptions in that direction." Id.

12. <u>Final Judgment - Timely Filing of Application</u>. A party seeking an award of fees and expenses shall, within thirty days, of final judgment, submit to the court an application for fees and other expenses that shows that the party is the prevailing party and is eligible to receive an award, the amount sought, including an itemized statement stating the actual time expended, and the rate at which fees and other expenses were calculated. 42 U.S.C. § 2412(d)(1)(B).

14. <u>Final Judgment - Prevailing Party - Generally</u>. A party prevails by succeeding on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

15. <u>Final Judgment - Sentence Four Remand - When the Filing Period Begins</u>. The thirty-day filing period under the EAJA begins to run after the court judgment affirming, modifying, or reversing the administrative decision is entered and the period for appealing the judgment has run, so that the judgment is no longer appealable. Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). When the United States is a party, the period for appealing the judgment is 60 days. Fed. R. App. P. 4.

16. <u>Final Judgment - Sentence Four Remand - Formal Judgment</u>. Because a remand order under sentence four is final for all purposes, it must be accompanied by a formal judgment under Rule 58 of the Federal Rules of Civil Procedure; however, an EAJA application is not

untimely where the time for appeal has not expired because the remanding order has failed to enter the formal judgment as required by Rule 58. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993).

17.     Discretion to Award Attorneys' Fees. A decision to award attorneys' fees under EAJA is within the sound discretion of the district court. May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991). The amount of attorney's fees is within the discretion of the district court. Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

C.     Discussion

In order to be eligible for fees under EAJA, the following four requirements must be met: (1) the claimant was the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. Crawford, 935 F.2d at 656.

### 1. Prevailing Party

Claimant is a prevailing party because by obtaining a remand by the district court he succeeded on a significant issue in the litigation which achieved some of the benefit he sought in bringing the suit. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

### 2. Timely Filing

The district court entered its Order affirming in part and overruling in part the Undersigned's Report and Recommendation on August 10, 2006. Commissioner therefore had until October 9, 2006, to file an appeal. Fed. R. App. P. 4. The thirty day period under EAJA began to run after that date when Commissioner did not appeal. Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Claimant filed his application for attorneys' fees on November 3, 2006,

along with an itemized statement detailing counsel's work. Claimant's application for attorney's fees was filed within thirty days after the period for appealing the judgment had run; therefore, the motion was timely filed.

### 3. Special Circumstances

Neither party argues, and the Court does not believe, that there are any special circumstances present that would make an award of fees unjust.

### 4. Substantial Justification

The issue here is whether Commissioner's position in opposing the awarding of benefits was substantially justified. In order to be substantially justified, Commissioner must rely on an arguably defensible administrative record. Crawford, 935 F.2d at 658. Commissioner maintains that she relied on a defensible administrative record in this case.

A party who prevails in litigation against the United States is entitled to attorneys' fees under EAJA if the government's position was not "substantially justified." Id. at 656. The Government bears the burden of proving "substantial justification." Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). The government can defeat a claim for attorney fees by showing that its position had a reasonable basis in both fact and law. Crawford, 935 F.2d at 656 (citing Pierce 487 U.S. at 565).

The first issue under this heading is whether Commissioner had a position substantially justified on the facts of the case. Commissioner contends Dr. Chua's opinion actually supports the ALJ's decision. Commissioner must have a position substantially justified on the facts to avoid an award of attorney fees. Thompson, 980 F.2d at 282 (4th Cir. 1992).

Dr. Chua's opinion may be found on transcript pages 197-216, 219-32, and 235-36. On

May 21, 2003, Dr. Chua diagnosed Claimant as having cervical region sprain, somatic dysfunction in several areas, dorsal/thoracic sprain, lumbar sprain, and degenerative joint disease. (Tr. 197). Dr. Chua made this assessment on other occasions. (Tr. 200, 202, 203). He diagnosed a right knee sprain and contusion earlier that month. (Tr. 199). Dr. Chua also treated Claimant for "headaches, drainage, cough, phlegm, chest congestion, chest pain, and vertigo." (Tr. 206). Dr. Chua rendered a diagnosis of acute laryngopharyngitis, dizziness, and giddiness following the report of these symptoms. (Tr. 208). Dr. Chua diagnosed Claimant with right arm pain in other instances. (Tr. 210, 212, 214, 216). One on other occasion, Dr. Chua diagnosed Claimant as having lesions in several areas. (Tr. 236). Significantly, Dr. Chua advised Claimant could return to work on several occasions. (Tr. 199, 204, 224). The ALJ later found Claimant could not perform his past relevant work. (Tr. 19).

Given that the ALJ's assessment of Claimant's capabilities was more restrictive than Dr. Chua's since the ALJ found Claimant could not perform his past work while Dr. Chua advised he could, the Court concludes Commissioner had substantial justification on the facts for arguing it was not necessary for the ALJ to consider Dr. Chua's opinion. It was reasonable to argue the ALJ did not need to consider opinions less friendly to Claimant than the ALJ's own assessment. Crawford, 935 F.2d at 656.

The Court now considers whether Commissioner had substantial justification on the law for arguing the ALJ did not have to consider Dr. Chua's opinion. In Stein v. Sullivan, 966 F.2d 317, 319-20 (7th Cir. 1992), the Seventh Circuit denied EAJA fees because although the ALJ failed to adequately consider the evidence, Commissioner's position was substantially justified. The court found "the level of articulation required is far from precise." Id. at 319. The court

9

went on to state that the fact that "the ALJ failed to meet this articulation requirement in no way necessitates a finding the Secretary's position was not substantially justified." Id. at 320. It was noted that "There was evidence to support the Secretary's position." Id. Also, the Eighth Circuit has held that the ALJ's mere failure to cite specific evidence does not establish that he failed to consider it. Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998). See also Walker v. Sec'y of Health & Human Servs., 884 F.2d 241, 245 (6th Cir. 1989) (stating that a reviewing court may examine all the evidence, even if it has not been cited by the ALJ). Still, the Fourth Circuit has noted that "Courts often accord 'greater weight to the testimony of a treating physician' because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). Furthermore, the Fourth Circuit has granted EAJA fees where, among other things, the ALJ failed to consider the opinion of a treating physician. Evans, 928 F.2d at 112.

Given that Dr. Chua's opinion actually supports the ALJ's opinion since Dr. Chua believed Claimant could return to work, the Court believes Commissioner had substantial justification based on the above authority for arguing it was unnecessary for the ALJ to consider the opinion. The ALJ is not required to explicitly consider all the evidence. Black, 143 F.3d at 386. Additionally, although the ALJ should often give significant credit to the opinion of a treating physician, according greater weight to the opinion of Dr. Chua actually would have meant a less favorable ruling for Claimant. Johnson, 434 F.3d at 654. Especially in these circumstances, the Court believes Commissioner had substantial justification on the law for her position.

The Court believes another ground also exists that gives Commissioner substantial

justification on the law. The Court may affirm the decision of the ALJ where the ALJ makes small errors that do not affect the substance of the decision. Morgan v. Barnhart, 142 Fed. Appx. 716, 723 (4th Cir. 2005) (quoting Ngarurih v. Ashcroft, 371 F.3d 182, 190 n. 8 (4th Cir. 2004)). In Morgan, the Fourth Circuit stated in the Social Security context that

> While the general rule is that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained, reversal is not required where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached.

Morgan, 142 Fed. Appx. at 723 (quoting Ngarurih, 371 F.3d at 190 n. 8).

It would have been reasonable for Commissioner to argue for sustaining the ALJ's opinion based on Morgan. Commissioner could have argued that even if the ALJ was required to discuss Dr. Chua's opinion, its omission from his opinion did not affect the substance of the decision since the opinion was less favorable to Claimant. Morgan, 142 Fed. Appx. at 723.

Thus, although Claimant succeeded in obtaining remand, the Court finds Commissioner's position was substantially justified on the facts and on the law. Substantial justification is not a high standard. Pierce, 487 U.S. at 560 (stating that where EAJA fees are appropriate, Commissioner's case is "feeble"). Therefore, the Court recommends EAJA fees be DENIED.

## IV. Recommendation

Based on the forgoing, I recommend that Claimant's Motion for Attorneys' Fees be DENIED because the Government's position was substantially justified in law and fact, where the Government relied on an arguably defensible record.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after this Report and Recommendation is entered, file with the Clerk of the Court

11

written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to parties who appear *pro se* and any counsel of record, as applicable.

DATED: January 8, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE