IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE C. MICHAEL, JR.,

    Plaintiff,

v.                                          Civil Action No. 5:05CV103
                                                                (STAMP)
MICHAEL J. ASTRUE,[1]
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Lawrence C. Michael, Jr. (also known as "the claimant"), filed his application for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on November 3, 2006. In response, the Commissioner filed objections to the plaintiff's motion. This matter was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B).

Magistrate Judge Seibert considered the plaintiff's application for an award of attorney's fees under the EAJA and the Commissioner's objections to that motion and submitted a report and

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for former Commissioner Jo Anne B. Barnhart (or Acting Commissioner Linda L. McMahon [if the caption was changed previously]) as the defendant in this action.

recommendation on January 8, 2007. In his report, the magistrate judge recommended that the plaintiff's motion for attorney's fees should be denied because the Commissioner's position was substantially justified in law and fact. Upon submitting this report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, neither party has filed objections to the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which an objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

The plaintiff filed his complaint on July 27, 2005, seeking judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by the Commissioner. The Commissioner filed his answer on November 7, 2005. The plaintiff filed his motion for summary

2

judgment on December 7, 2005. The Commissioner filed his motion for summary judgment on January 4, 2006.

Magistrate Judge Seibert entered a report and recommendation on June 2, 2006, recommending that the action be remanded to the Commissioner to consider the opinions of Edwin Morris, M.D. and Phillip Chua, M.D. On August 10, 2006, this Court entered a memorandum opinion and order affirming in part and overruling in part the magistrate judge's report and recommendation. This Court remanded this case for further consideration of Dr. Chua's opinion but found that the ALJ had considered Dr. Morris's opinion and thus, remand was unnecessary regarding Dr. Morris.

In his motion for attorney's fees, the plaintiff asserts that this Court should award attorney's fees because the legal and factual arguments of the Commissioner in support of the ALJ's opinion were not substantially justified. The plaintiff notes that this Court found that the ALJ's opinion lacked substantial evidence because the ALJ failed to evaluate the opinion of Dr. Chua, who was the plaintiff's treating physician. In his response, the Commissioner contends that his arguments in opposing an award of benefits were substantially justified. The Commissioner asserts that just because the ALJ failed to articulate or cite to specific evidence in no way necessitates a finding that the Commissioner's position was not substantially justified. Thus, the Commissioner requests that this Court deny the plaintiff's request for an award for attorney's fees.

III. Applicable Law

Upon a timely petition, a party who prevails in litigation against the government is entitled to EAJA attorney's fees if the government's position was not substantially justified and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

IV. Discussion

In order to be eligible for an award of fees under the EAJA, the following four requirements must be met: (1) the claimant was the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant's timely filed petition is supported by an itemized statement. Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

A. Prevailing Party

In this action, the plaintiff is the prevailing party because he succeeded on a significant issue in the litigation by obtaining a remand from this Court, which achieves some of the benefit the plaintiff sought in bringing the action. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

B. Timely Filed

This Court finds that the plaintiffs' motion for attorney's fees was timely filed and supported by an itemized statement.

This Court entered an order affirming in part and overruling in part the magistrate judge's report and recommendation on August

10, 2006. Thus, the Commissioner had until October 9, 2006 to file an appeal. <u>See</u> Fed. R. App. P. 4. The thirty-day period under the EAJA began to run after that date when the Commissioner did not appeal. <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 96 (1991). The plaintiff filed his application for attorney's fees on November 3, 2006 along with an itemized statement detailing the plaintiff's counsel's work. The plaintiff's application for attorney's fees was filed within thirty days after the period for appealing the judgment had run. Thus, the plaintiff's motion for attorney's fees was timely filed.

C.  <u>Special Circumstances</u>

The magistrate judge found that there are no special circumstances present in this action that would make an award of attorney's fees unjust. Upon a review of the pleadings, this Court notes that neither party argues that there are any special circumstances present that would make an award of attorney's fees unjust.

Accordingly, this Court finds that there are no special circumstances present that would make an award of attorney's fees in this action unjust.

D.  <u>Substantial Justification</u>

In order to be substantially justified, the Commissioner must rely on an arguably defensible administrative record. <u>Crawford</u>, 935 F.2d at 658. The Commissioner maintains that he relied on a defensible administrative record in this action.

5

A party who prevails in litigation against the government is entitled to attorney's fees under the EAJA if the government's position was not "substantially justified." Id. at 656. The government bears the burden of proving "substantial justification." Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). The government can defeat a claim for attorney's fees by showing that its position had a reasonable basis in both fact and law. Crawford, 935 F.2d at 656 (citing Pierce, 487 U.S. at 565).

The first issue regarding substantial justification is whether the Commissioner had a position substantially justified on the facts of this particular action. The Commissioner contends that Dr. Chua's opinion actually supports the ALJ's decision.

On May 21, 2003, Dr. Chua diagnosed the plaintiff as having cervical region sprain, somatic dysfunction in several areas, dorsal/thoracic sprain, lumbar sprain and degenerative joint disease. (Tr. 197.) Dr. Chua also diagnosed the plaintiff with a right knee sprain and contusion earlier that month. (Tr. 199.) Further, Dr. Chua treated the plaintiff for "headaches, drainage, cough, phlegm, chest congestion, chest pain, and vertigo." (Tr. 206.) Based upon these symptoms, Dr. Chua diagnosed the plaintiff with acute laryngopharyngitis, dizziness and giddiness. (Tr. 208.) On other doctor's visits, Dr. Chua diagnosed the plaintiff with right arm pain and as having lesions in several areas. (Tr. 210, 212, 214, 216, 236.) This Court further notes that there were

several doctor visits where Dr. Chua advised the plaintiff that he could return to work. (Tr. 199, 204, 224.)

This Court finds that the ALJ's assessment of the plaintiff's capabilities was more restrictive than Dr. Chua's given that the ALJ found that the plaintiff could not perform his past work while Dr. Chua advised that he could. Because the ALJ's assessment of the plaintiff's capabilities was more restrictive, this Court concludes that the Commissioner had substantial justification on the facts for arguing that it was not necessary for the ALJ to consider Dr. Chua's opinion. Thus, it was reasonable for the Commissioner to argue that the ALJ did not need to consider the opinions that were less restrictive to the plaintiff than the ALJ's own assessment. See Crawford, 935 F.2d at 656.

This Court now considers whether the Commissioner had substantial justification for arguing that the ALJ did not have to consider Dr. Chua's opinion. The United States Court of Appeals for the Seventh Circuit in Stein v. Sullivan, 966 F.2d 317, 319-20 (7th Cir. 1992), denied EAJA fees because the Commissioner's position was substantially justified even though the ALJ failed to adequately consider the evidence presented. The court found that "the level of articulation required is far from precise." Id. at 319. The court further stated that the fact that "the ALJ failed to meet this articulation requirement in no way necessitates a finding the Secretary's position was not substantially justified." Id. at 320. The court noted that "[t]here was evidence to support

the Secretary's position." Id. In Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998), the United States Court of Appeals for the Eighth Circuit also held that the ALJ's mere failure to cite specific evidence does not establish that he failed to consider it. See also Walker v. Sec'y of Health and Human Servs., 884 F.2d 241, 245 (6th Cir. 1989)(stating that a reviewing court may examine all the evidence, even if it has not been cited by the ALJ). Finally, the United States Court of Appeals for the Fourth Circuit has noted that "[c]ourts often accord 'greater weight to the testimony of the treating physician' because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). Furthermore, the Fourth Circuit has granted EAJA fees where, among other things, the ALJ failed to consider the opinion of a treating physician. Evans v. Sullivan, 928 F.2d 109, 112 (4th Cir. 1991).

Given that Dr. Chua's opinion actually supports the ALJ's opinion, since Dr. Chua believes that the plaintiff could return to work, this Court finds that the Commissioner had substantial justification based on the above-stated authority for arguing that it was unnecessary for the ALJ to consider the opinion. The ALJ is not required to explicitly consider all of the evidence. Black, 143 F.3d at 386. Additionally, in this action, according greater weight to the opinion of Dr. Chua would have meant a less favorable ruling for the plaintiff, although the ALJ should often give

8

significant credit to the opinion of a treating physician. Johnson, 434 F.3d at 654. In these circumstances, the magistrate judge found and this Court agrees that the Commissioner had substantial justification on the law for his position.

This Court further finds that the Commissioner had substantial justification on the law because the Commissioner made small errors that did not affect the substance of the decision. The Fourth Circuit, in Morgan v. Barnhart, 142 Fed. Appx. 716, 723 (4th Cir. 2005), noted that the court may affirm the decision of the ALJ where the ALJ made small errors that did not affect the substance of the decision. The court in Morgan stated, in the social security context, that:

> [w]hile the general rule is that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained, reversal is not required where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached.

Id. (quoting Ngarurih v. Ashcroft, 371 F.3d 182, 190 n.8 (4th Cir. 2004)).

It would have been reasonable for the Commissioner to argue that this Court should sustain the ALJ's opinion based on Morgan. The Commissioner could have argued that even if the ALJ was required to discuss Dr. Chua's opinion, the ALJ's omission from his opinion did not affect the substance of the decision since the opinion was less favorable to the plaintiff. See Morgan, 142 Fed. Appx. at 723. Thus, although the plaintiff succeeded in obtaining a remand, this Court finds that the Commissioner's position was

9

substantially justified on the facts and on the law.  Accordingly, this Court finds that the plaintiff's motion for EAJA fees must be denied.

V. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety.  For the reasons stated above, it is ORDERED that the plaintiff's motion for attorney's fees is hereby DENIED because the Commissioner's position was substantially justified in law and fact.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 8, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE